Smith, I.
— “It is clearly established by the testimony, that Far-kingion is a man of good moral character, and there is no evidence of cruel or abusive treatment to his family. Some of the witnesses stated that he is a bad manager and provider, and that his family, would, sometimes, have been in want of necessaries, but for the assistance of the relatives of Mrs. Farkington, who were in good circumstances. This is the only charge against him, that can be considered as at all proved, and as to this, the evidence is somewhat contradictory.
By the common law, the father, in preference to the mother, was entitled to the custody of the children of the marriage; and this paternal right was always enforced in eases like the present, except under the most peculiar circumstances. The King v. Greenhill, 4 Ad. and El. 624. See also 10 Ves. 58; 2 Russ. 1; 2 Sim. 35. When it was clearly established that the father was of immoral and irreligious principles, and that thus his children were likely to be corrupted, the aid of the courts to compel their delivery to him has been refused, but there is no pretence that such was the fact in this can-. An absolute want of ability to provide for them, would also, no doubt, have been good cause for such refusal, but the proof, in this case, falls short of establishing such want of ability,
j/ Very recently, the common law, by' which the father, when the it husband and wife lived in a state of separation, was entitled to absolute dominion over the children, to the exclusion of the mother, has me been materially modified by statute, both in England and in this M country. By Stat. 2 and 3, Vic. c. 54, a mother, (unless an adnltress) j* may, by petition to the lord chancellor, or master of the rolls, ob- ,« tain an order for access to her infant children, but at such times gjjbonly, and subject to such regulations as the court shall think proper; ,jj| and if such children are within the age of seven years, the mother .11 '.may obtain an order that they shall be deli vered to and remain in her custody until attaining such age. Sec 10 Sim. 291; 11 Sim. 178. 4 In New York, a wife living separate from her husband but not di;jjbvorced, may. bv a statutory provision, sue out a habeas corpas to have *170 the minor child of the marriage brought before the Supreme Court yyhich may award the custody of the child to the mother, for suet dime and under such regulations as it may see fit to prescribe, the Court retaining power, from time to time to vary, modify, or annul its order. 2 N. Y. R. S. 148. The object of these statutes is, doubtless, to confer upon the courts a irrcater discretionary power, in thes< painful cases of conflict between husband and wife for the custodj of their infant offspring, than the)' wove at liberty to exercise unde] the more rigid rules of the common law. For cases on this subject see Ex parte McDowley, 8 John. 328; Ex parte Waldron, 13 John 418; Ex parte Chegary, 18 Wend. 637; Ex parte Nickerson, 19 Wend. 16; Ex parte Barry, 8 Paige, 47; 25 Wend. 68; 3 Hill, 399 The present Revised Statutes of this State, provide, that when am husband and wife shall live apart, without being divorced, eithe: party may apply to the Court having jurisdiction, for a writ of habca. corpus, to have a minor child of the marriage brought before it, ant on the return of such writ, the court, on due consideration of the age and sex of the child or children, and the respective, fitness and con ditions of the parents, may award the custody of the child or child ren to either parent, under such regulations and restrictions, am with such provisions and directions as the case may require. It. S 606, § 73, 74. The whole matter, therefore, is now left to the sound discretion of the court, having regard to the welfare and true inte rest of the child, as well as to the permanent interests of society ii the due enforcement of matrimonial obligations. Tiffs statute, how ever, was not in force when this case was before the Circuit Court As the law then stood, the decision was, unquestionably, correct.”
Judgment affirmed, &c.